IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-2867

**ANTHONY EDWARDS**, Individually and on Behalf of All Others Similarly Situated,
    Plaintiff,

v.

**HUDSPETH & ASSOCIATES, INC.**,
    Defendants.

---

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

---

COMES NOW Plaintiff Anthony Edwards ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Hudspeth & Associates, Inc. ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff, individually and on behalf of all other similarly situated Foremen employed within a three-year period preceding the filing of this Complaint.

2.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other Foremen lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II. JURISDICTION AND VENUE

5. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. The witnesses to the wage violations herein reside in this District.

8. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

9. Plaintiff is a resident and citizen of Garland County, Arkansas.

10. Defendant is a domestic, for-profit corporation.

11. Defendant's registered agent for service is Corporation Service Company, at 1900 West Littleton Boulevard, Littleton, Colorado, 80120.

12. Defendant maintains a website at https://hudspethinc.com/.

## IV.     FACTUAL ALLEGATIONS

13.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.     Defendant is an employer within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

15.     Defendant's primary business is providing demolition, dismantlement and excavation services.

16.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as demolition equipment, excavation equipment and tools.

17.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

18.     At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

19.     Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

20.     Specifically, Plaintiff was employed by Defendant from 2017 until July of 2020 as a salaried Foreman.

21.     Defendant also employed other Foremen.

22. Defendant classified Plaintiff and other Foremen as salaried employees, exempt from the overtime requirements of the FLSA.

23. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

24. At all relevant times herein, Defendant directly hired Foremen to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25. As a Foreman, Plaintiff was responsible for providing safety reports, clocking in other workers and operating heavy machinery.

26. Other Foremen had similar duties to Plaintiff.

27. Plaintiff and other Foremen did not hire or fire any other employee.

28. Plaintiff and other Foremen were not asked to provide input as to which employees should be hired or fired.

29. Plaintiff and other Foremen did not exercise discretion or independent judgment as to matters of significance.

30. Plaintiff regularly worked over forty hours in a one-week period.

31. Upon information and belief, other Foremen also regularly worked over forty hours in a one-week period.

32. Plaintiff and other Foremen were not paid overtime wages for hours worked over forty per week.

33. At all relevant times herein, Defendant has deprived Plaintiff and other Foremen of overtime compensation for all of the hours worked over forty (40) per week.

34. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other Foremen violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

36. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. Plaintiff brings his FLSA claims on behalf of all Foremen employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

38. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendant as nexempt from the overtime requirements of the FLSA;

B.     They were paid a salary;

C. They worked over 40 hours in at least one week within the past three years;

D. They had substantially similar job duties and responsibilities; and

E. They were subject to Defendant's common policy of failing to pay an overtime premium for all hours worked over forty in each week.

40. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds ten (10) persons.

41. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

60. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

61. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week.

62. Defendant misclassified Plaintiff as exempt from the overtime protections of the FLSA.

63. Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate for all hours worked in excess of forty hours per week, despite Plaintiff's entitlement thereto.

64. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

68. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

69. Plaintiff brings this collective action claim on behalf of all similarly situated Foremen employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

70. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

71. Defendant failed to pay Plaintiff and all similarly situated Foremen an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty hours per week.

72. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All Foremen within the past three years.**

73. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violations of CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, C.C.R. § 1103-1)

76.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77.  Plaintiff regularly worked more than forty (40) hours per workweek.

78.  Defendants failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

79.  Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

80.  Because Defendants willfully violated the CWA and CMWO, a three (3) year statute of limitations shall apply to such violations.

81.  As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Anthony Edwards, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.  That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.  A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F. A declaratory judgment that Defendants' practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

G. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

H. An order directing Defendant to pay Plaintiff and the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ANTHONY EDWARDS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Colo. Bar No. 44358
josh@sanfordlawfirm.com