# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02867-STV

ANTHONY EDWARDS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

HUDSPETH & ASSOCIATES, INC.,

    Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on the parties' Joint Motion for In Camera Review and Approval of Settlement Agreement and Release [#28] and Joint Motion to Restrict [#27] (the "Motions"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##7, 10] This Court has carefully considered the Motions, the entire case file, and the applicable case law. For the following reasons, the Court **DEFERS RULING** on the Motions.

## I.    BACKGROUND

Plaintiff brought this action individually and as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), the Colorado Wage Act, C.R.S. § 8-4-101, et seq. (the "CWA"), and Colorado's Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 (the "CMWO"). [#1] Plaintiff argues that he, along with other Foremen working for Defendant as salaried employees, was not paid overtime wages for hours

worked over forty hours per week. [*Id.* at ¶ 32] No collective or class has been conditionally or finally certified in this matter, and no actual or potential claimant other than Plaintiff has been notified of or participated in the case. There are five potential Settlement Collective Members, in addition to Plaintiff. [#28 at 3]

Defendant disputes the merit of Plaintiff's claims. [*Id.* at 4] Nonetheless, the parties engaged in arms-length negotiations and informal discovery. [*Id.*] "Due to the Parties' reluctance to undergo a lengthy and inherently risky trial process involving analysis of time and pay logs, depositions, further pleadings, a trial, and, potentially, an appeal, they have entered into the [Settlement] Agreement." [*Id.*] The proposed Settlement Agreement ("the Agreement") provides that "[o]nly Plaintiff[s] who choose to participate in the Settlement by filing a valid Claim Form will release any claims." [*Id.* at 8] The parties seek the Court's approval of the Agreement. [#28]

## II. DISCUSSION

The FLSA itself does not require judicial approval of settlement agreements and the United States Supreme Court has not addressed whether such approval is always necessary. *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 403 (2d Cir. 2019); *Riley v. D. Loves Restaurants, LLC*, No. 20-1085 WJ/KK, 2021 WL 1310973, at *1 (D.N.M. Apr. 8, 2021). Nonetheless, there is a Circuit split on the issue of whether private settlements of bona fide disputes under the FLSA require judicial approval. *See Riley*, 2021 WL 1310973, at *2 (collecting cases). And, indeed, the split extends to the federal district courts, including within the District of Colorado itself. *See Id.* (collecting cases)

The split appears to stem from an Eleventh Circuit decision holding that "there is only one context in which compromises of FLSA back wage or liquidated damage claims

2

may be allowed: a stipulated judgment entered by a court which has determined that a settlement . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Fails v. Pathway Leasing LLC*, No. 18-CV-00308-CMA-NYW, 2018 WL 6046428, at *2-*4 (D. Colo. Nov. 19, 2018) (describing origin of FLSA settlement approval split and current caselaw). However, since that decision, a number of Courts have observed that "the *Lynn's Food*'s requirement for judicial approval of voluntary settlements was driven by its facts – the employer overreached the employees in inducing them to settle unasserted and unevaluated claims for a small amount of money." *Ruiz v. Act Fast Delivery of Colo., Inc.*, 14-cv-00870-MSK-NYW, 2017 WL 11545275, at *2 (D. Colo. Jan. 9, 2017 (citing *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 628 (W.D.Tx. 2005); *Fails*, 2018 WL 6046428, at *2-*4 (same).

This Court needs not restate the exhaustive analysis completed by a number of other courts on the history and current state of FLSA settlement approvals. *See generally Fails*, 2018 WL 6046428; *Riley*, 2021 WL 1310973. It suffices to say that this Court finds their analysis of the state of the law, and their reasoning regarding the necessity of judicial approval, persuasive, and this Court is in agreement that: "judicial approval is not required for private settlements of claims brought under the FLSA, where the parties' agreement resolves bona fide disputes regarding the amount of hours worked or compensation due rather than waiving or releasing the employee's substantive rights under the Act." *Riley*, 2021 WL 1310973, at *4. *See also Fails*, 2018 WL 6046428, at *3 ("[J]udicial review of bona fide FLSA disputes is not required."); *Ruiz*, 2017 WL 11545275, at *3 ("[A]n FLSA claim that is genuinely disputed by the employer may be compromised via a private

3

settlement between the parties, and [such] settlement will be legally effective regardless of whether they are submitted to or approved by the trial court.").

However, judicial approval of FLSA settlements is appropriate in certain cases, and there appears to be consensus that nothing *precludes* a court from engaging in a review. *Slaughter v. Sykes Enterprises, Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *6 (D. Colo. Feb. 11, 2019) ("[W]hile there is disagreement over whether FLSA settlements *must* be approved by the [c]ourt, there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the [c]ourt." (emphasis in original)). For example, where "not all opt-in plaintiffs can be contacted to obtain consent to a settlement agreement or where a party alleges that an agreement does not actually pertain to a bona fide dispute—which is to say that there is evidence of malfeasance or overreaching in obtaining a settlement agreement," courts should engage in a review and approval process. *Fails*, 2018 WL 6046428, at *3. *See also Martinez*, 361 F. Supp. 2d at 631 (limiting holding to settlements of bona fide disputes). Moreover, a number of Courts have engaged in review and approval where the parties so requested. *See Horton v. Right Turn Supply, LLC*, 455 F. Supp. 3d 202, 204-05 (W.D. Pa. 2020) (although the court was "n[ot] so sure" its approval of FLSA settlement was needed, it decided to consider the parties' motion for approval of the settlement "in order to provide the parties comfort"); *Riley*, 2021 WL 1310973, at *4 (inviting parties to inform the court whether they wished for a review of the merits of the settlement agreement in light of the court's determination that such review was not strictly necessary).

This Court is satisfied that the instant matter involves a bona fide dispute regarding compensation due to Plaintiff. Moreover, based on the record the Court does not believe

4

there was any defect or "malfeasance" in the settlement process. The Court therefore does not believe that a review of the settlement is necessary. Accordingly, the Court **DEFERS** ruling on the Motion for Approval [#28] and instructs the Parties to jointly file a Notice indicating whether they still wish for the Court to review the merits of the Agreement. If the parties no longer wish for the Court to review the merits of the Agreement, they should simply indicate in their Notice that all claims have been resolved and that they stipulate to dismissal pursuant to Procedure 41(a)(1)(A)(ii). *See Fails*, at *4.

The Court further DEFERS ruling on the Motion to Restrict [#27]. *See Riley*, 2021 WL 13109 WL, at *5 (finding that if the parties do not wish for the Court to review the merits of the Agreement, "the public would in fact have a minimal interest in their private settlement."); *Acevedo v. Sw. Airlines Co.*, No. 1:16-CV-00024-MV-LF, 2019 WL 6712298, at *7 (D.N.M. Dec. 10, 2019), *report and recommendation adopted*, No. 1:16-CV-00024-MV-LF, 2020 WL 85132 (D.N.M. Jan. 7, 2020) (finding that confidentiality was both permissible and appropriate where court was not required to review merits of settlement agreement).

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) the Court **DEFERS RULING** on the Joint Motion for In Camera Review and Approval of Settlement Agreement and Release [#28] and Joint Motion to Restrict [#27];

(2) on or before **June 4, 2021**, the Parties shall jointly file a Notice indicating whether they still wish for the Court to review the merits of the Agreement; and

(3) if the parties no longer wish for the Court to review the merits of the Agreement, they should indicate in their Notice that all claims have been resolved and that they stipulate to dismissal pursuant to Procedure 41(a)(1)(A)(ii).

DATED: May 26, 2021

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge